# **EXHIBIT – B**

| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss. | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. CV |
| GARY PITT of Windham, County<br>of Cumberland and State of Maine<br><br>Plaintiff,<br><br>v.<br><br>VESTS SERVICES, LLC d/b/a<br>ARAMARK UNIFORM<br>SERVICES, INC. a Delaware<br>Limited Liability Company doing<br>business in Maine<br><br>And<br><br>MONROE, INC. d/b/a Tire<br>Warehouse, a Maine Corporation | COMPLAINT |

NOW COMES the Plaintiff Gary Pitt (hereinafter "Plaintiff"), by and through counsel, GARMEY LAW, and Complains against the Defendants Monroe, Inc. and Vests Services, LLC, as follows:

1. At all times material hereto, Plaintiff was and continues to be a resident of the Town of Windham, County of Cumberland, and State of Maine.

2. At all times material hereto, upon information and belief, Defendant Vests Services, LLC was and continues to be a Delaware limited liability Company doing business in the State of Maine.

3. At all times material hereto, upon information and belief, Defendant Monroe, Inc., was and continues to be a Maine Corporation.

## FACTUAL BACKGROUND

4. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth fully herein.

5. Defendant Monroe Inc., owns and operates a Tire Warehouse store on 1215-A Roosevelt Trail in Raymond, Maine, (hereinafter. "Defendant's store.")

6. Defendant Vests Services, LLC provides mat services to Monroe, Inc., including cleaning mats and placing mats at Monroe, Inc.'s Raymond location.

7. On or about the early morning hours of July 15, 2022, Defendant Vests Services, LLC provided a freshly cleaned mat to Monroe, Inc.'s Raymond location.

8. Defendant Vests Services, LLC through its employees and/or agents laid down a wet mat in Monroe Inc.'s store.

9. When Defendant Vests Services, LLC, through its employees and/or agents laid the wet mat down, it knew or should have known it was foreseeable that Monroe Inc.'s customers would encounter and step on the mat.

10. Defendant Monroe, Inc. through its employees and agents, had knowledge that Vests Services, LLC would provide wet mats to its store.

11. In the early hours of July 15, 2022, Plaintiff walked into Monroe Inc.'s store, stepped on the mat, and due to the wet condition of the mat, the mat abruptly slid and Plaintiff crashed to the ground, causing him to be significantly injured.

**COUNT I: NEGLIGENCE AGAINST VESTS SERVICES, LLC**

12. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth fully herein.

13. Defendant Vests Services, LLC as a third-party non-possessor of land. owed Plaintiff a duty to create a danger on Monroe Inc.'s premises.

14. Defendant breached that duty to Plaintiff, through the actions of its employees and/or agents by placing a wet mat on the floor of Monroe, Inc., when it knew or should have known that patrons of Monroe, Inc. could step on it and suffer severe injuries. Defendant further breached this duty to Plaintiff by failing to properly train its employees, failing to provide adequate policies, and ensure those policies were followed.

15. As a direct and proximate result of Defendant's carelessness, negligence and/or recklessness, Plaintiff has suffered and will continue to suffer great pain, bodily injuries, mental anguish, loss of enjoyment of life, and has incurred and will in the future incur expenses for medical treatment; and has been permanently injured and permanently impaired.

## COUNT II: NEGLIGENCE AGAINST MONROE, INC.

16. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if set forth fully herein.

17. Defendant Monroe, Inc. owed Plaintiff a duty to provide a reasonably safe premises.

18. Defendant breached that duty by failing to timely monitor, inspect, and remove the wet mat provided by Vests Services, LLC. Defendant further breached this duty because it had knowledge, through its employees and agents, that Vests Services, LLC would sometimes place wet mats on its floor.

19. As a direct and proximate result of Defendant's carelessness, negligence and/or recklessness, Plaintiff has suffered and will continue to suffer great pain, bodily injuries, mental anguish, and loss of enjoyment of life, and has incurred and will in the future incur expenses for medical treatment; and has been permanently injured and permanently impaired.

WHEREFORE, Plaintiff demands judgment against the Defendant for such damages as are reasonable, together with interest and costs and such other and further relief the Court deems appropriate.

**DATED** at Portland, Maine this 8th day of July, 2024.

Christopher Harmon, Esq. (ME Bar #5432)

GARMEY LAW
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644 phone
(207) 541-9242 fax
Charmon@garmeylaw.com